UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

JOHN J. SUBLETT and            )
VICENTE VASQUEZ, JR.,          )
                               )
        Plaintiffs,            )
                               )
    vs.                        )        1:10-cv-1249-WTL-TAB
                               )
J. SQUARED, INC. d/b/a         )
UNIVERSITY LOFT CO. and        )
TERRA VERDE INSTALLATIONS, LLC, )
                               )
        Defendants.            )
                               )

**ORDER ON DEFENDANTS' MOTION FOR PROTECTIVE ORDER**

**I.      Introduction**

This Fair Labor Standards Act action has produced numerous discovery disputes.

Defendants' motion for a protective order [Docket No. 45] is the latest. Defendants seek a

protective order "barring Plaintiffs from obtaining copies of paystubs for Tess Verde

Installations crew members from several years at issue in this action." [*Id.* at 1.] In support of

their motion, Defendants assert that they have produced paystubs for crew leaders, but not crew

members because Plaintiffs were crew leaders. [*Id.* at 2; Docket No. 48 at 3.] Plaintiffs,

however, claim that member paystubs are relevant because they may show that Defendants were

willfully or in bad faith denied overtime. [Docket No. 47 at 1, 7.] For the reasons below,

Defendants' motion for a protective order [Docket No. 45] is granted to the extent that Plaintiffs

are prevented from obtaining crew members' paystubs and other time records.

1

## II.    Discussion

District courts have broad discretion in discovery matters.  *Packman v. Chi. Tribune Co.*, 267 F.3d 628, 646 (7th Cir. 2001).  "Although there is a strong public policy in favor of disclosure of relevant materials, Rule 26(b)(2) of the Federal Rules of Civil Procedure empowers district courts to limit the scope of discovery if 'the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive.'"  *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002).  Federal Rule of Civil Procedure 26(c)(1) also provides that:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending—or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . forbidding the disclosure or discovery . . . [and] forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters . . . .

On November 29, 2011, the Court addressed a nearly identical discovery dispute in this case and limited discovery to crew leaders only.  [*See* Docket No. 40 ("Defendant shall answer Plaintiffs' interrogatory requesting, as to crew leaders, their dates of hire/fire, their manner of payment (hourly or salaried), and their hourly rate, if applicable.").  Plaintiffs apparently continue to request paystubs from all employees despite previous indications by the Court that Plaintiffs' discovery requests are too broad.

While Plaintiffs seek to use crew members' paystubs to establish willfulness or bad faith [Docket No. 1 at 1], Plaintiffs have not demonstrated or sufficiently explained how information about crew members' overtime could show willfulness or bad faith.  The crux of Plaintiffs'

overtime claim apparently centers around whether crew leaders are independent contractors or exempt supervisors. [Docket No. 1 at 2; Docket No. 47 at 1.] However, neither party claims that crew leaders are the same as crew members—they are a completely different class of employees. Perhaps Plaintiffs are seeking crew members' paystubs to show that Defendants willfully engaged in a systematic pattern of denying overtime to all employees. But Plaintiffs have not made this claim [*see* Docket No. 47], and as Defendants point out, nothing in the ten depositions or thousands of documents produced indicates that crew members were denied overtime. [Docket No. 45 at 3.] Accordingly, Plaintiffs request for crew members' paystubs is irrelevant and overbroad.

Even assuming that the crew members' paystubs had some probative value, the request for paystubs is unduly burdensome and unreasonably cumulative. As Defendants point out, pulling paystub records for roughly fifty employees is a time consuming process. [Docket No. 45 at 5.] While Defendants' claim that it would take nine to eleven days to pull the paystubs may be somewhat overstated [Docket No. 47 at 8], it is still a time-consuming process to pull paystubs for fifty crew members. Plaintiffs claim that a global search of employees for a particular year only takes thirty minutes to an hour. [Docket No. 47 at 8.] However, completing this process for multiple years would increase the time it takes to identify the crew members. Defendants would then have to access and pull paystub information for each of the fifty crew members, which Defendants assert would take twenty to thirty minutes per employee. [Docket No. 45 at 5.] Furthermore, as Defendants point out, Plaintiffs could have obtained overtime information during the ten depositions and from the thousands of documents that have already been produced. [*Id.* at 3.] Thus, not only is Plaintiffs' request for crew members' paystubs

irrelevant and overbroad, but it is also unduly burdensome and unreasonably cumulative.

III.     **Conclusion**

For the reasons above, Defendants' motion for a protective order [Docket No. 45] is

granted to the extent that Plaintiffs are prevented from obtaining crew members' paystubs and

other time records.

Dated:   04/12/2012

_____

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Robert S. Rifkin
MAURER RIFKIN & HILL P C
rrifkin@mrhlaw.com

Alejandro  Valle
GONZALEZ SAGGIO & HARLAN LLP
alejandro_valle@gshllp.com